Case 2:14-cv-00491   Document 8   Filed in TXSD on 10/30/15   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
October 30, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| HELEN BOTTIS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL NO. 2:14-CV-491 |
| § | |
| FIRST NATIONAL BANK, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Representing herself, Plaintiff Helen Bottis ("Bottis") commenced this civil action On December 17, 2014, by filing a verified complaint against First National Bank seeking, among other remedies, rescission of a mortgage and promissory note signed December 5, 2008. Pl.'s Orig. Compl. 1, Dkt. No. 1. The Court has before it a motion to dismiss filed by the Federal Deposit Insurance Corporation ("FDIC"). Dkt. No. 6. Asserting that First National Bank was in FDIC receivership when Bottis first presented her claim, the FDIC maintains that Bottis failed to comply with the administrative claim processing requirements of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), Pub. L. No. 101-73, 103 Stat. 183 (1989), 12 U.S.C. § 1821. Bottis has not responded to the FDIC's motion to dismiss. *See* S.D. Tex. Civ. R. 7.3 (setting 21-day deadline to file a response to a motion). After considering Bottis's complaint, the FDIC's motion, the accompanying exhibits, and the applicable law, the Court dismisses this action for lack of subject-matter jurisdiction, finding that Bottis initiated this case more than 60 days after the date of the FDIC's notice that it disallowed her claim. *See* 12 U.S.C. § 1821(d)(6) (2012).

Factual and Procedural Background

By letter dated September 13, 2013, the Office of the Comptroller of the Currency appointed the FDIC as receiver for First National Bank. Dkt. No. 7 Ex. 1. The record includes evidence that the FDIC sent Bottis a Notice to Creditor to Present Proof of Claim dated December 18, 2013. Dkt. No. 7 Ex. 1-B. Bottis submitted a claim,[1] and the FDIC asked her to provide additional documentation substantiating her claim on February 18, 2014. Dkt. No. 7 Ex. 1-C at 1. The record includes Bottis's response and supporting exhibits dated March 14, 2014. Dkt. No. 6 Ex. 1-C.[2] The record also includes the FDIC's notification of disallowance of Bottis's claim dated May 21, 2014. Dkt. No. 6 Ex. 1-A at 1–2 (disallowing $3.5 million claim "because it has not been proven to the satisfaction of the [FDIC]").

Bottis filed her complaint in this Court more than six months later.[3] Pl.'s Orig. Compl. (filed Dec. 17, 2014). She accuses First National Bank of engaging in unfair trade and predatory lending practices, failing to make disclosures required by federal law, and violating federal consumer-protection laws. *See id.* at 1. She pleads 18 counts of alleged violations of federal statutes and regulations. *Id.* at 2–7 (citing, e.g., 15 U.S.C. §§ 1601, 1635, 1638; 12 C.F.R. §§ 226, 226.4, 226.18; and 12 U.S.C. § 2610). Her claims concern First National Bank's handling of a mortgage loan on or around December 5, 2008. *See id.* at 1–2.

Administrative Claims under FIRREA

The FDIC contends that Bottis waited more than 60 days to file this lawsuit after the date she was notified that it disallowed her claim, and, under FIRREA, this Court consequently lacks subject matter jurisdiction over this action. FIRREA

---

[1] The FDIC represents in the instant motion that Bottis's claim sheet to be attached as Exhibit 1-D. Dkt. No. 6 at 3. The FDIC, however, did not mark an exhibit as 1-D. Nonetheless, it is reasonable to infer that Bottis filed a claim based on her nonopposition to the instant motion and her response to the FDIC's request for additional information on her claim. Dkt. No. 6 Ex. 1-C.

[2] Exhibit 1-C to the FDIC's motion to dismiss consists of its request for additional documentation on the first page followed by 124 pages of Bottis's response and exhibits.

[3] Bottis's supporting documentation states that she brings her claim as "Helen Bottis d/b/a George's Restaurant." Dkt. No. 6 Ex. 1-C.

"is designed to create a streamlined process for resolving claims against failed banks and, to that end, 'grants the FDIC, as receiver, broad powers to determine claims asserted against failed banks.'" *Multibank 2009-1 RES-ADC Venture, LLC v. PineCrest at Neskowin, LLC*, 857 F. Supp. 2d 1072, 1077 (D. Ore. 2012) (quoting *Henderson v. Bank of New England*, 986 F.2d 319, 320 (9th Cir. 1993)); *accord. Sewell v. Millennium State Bank of Tex.*, No. 3:09-CV-1575-D, 2009 WL 4723141, at *1 (N.D. Tex. Dec. 10, 2009) (quoting *Whatley v. RTC*, 32 F.3d 905, 909–10 (5th Cir. 1994)). Section 1821(d)(13)(D) of FIRREA provides as follows:

> Except as otherwise provided in this subsection, no court shall have jurisdiction over any claim or action for payment from, or any action seeking determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or any claim relating to any act or omission of such institution or the Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D) (2012). Among other things, FIRREA permits the filing of a lawsuit on a claim the FDIC has disallowed within 60 days after "the date of any notice of disallowance of such claim." § 1821(d)(6)(A)(ii). The statute also spells out the consequences of missing the 60-day deadline:

> If any claimant fails to . . . file suit on such claim (or continue an action commenced before the appointment of the receiver), before the end of the 60-day period . . ., the claim shall be deemed to be disallowed (other than any portion of such claim which was allowed by the receiver) as of the end of such period, such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim.

§ 1821(d)(6)(B)(ii).

## Legal Standard

In *Meliezer v. Resolution Trust Co.*, the Fifth Circuit held that § 1821(d)(13)(D) "clearly establishes a statutory exhaustion requirement. . . . [that] is

jurisdictional." 952 F.2d 879, 882 (5th Cir. 1992) (quoting *Townsend v. U.S. Dep't of Justice Immigration & Naturalization Serv.*, 799 F.2d 179, 181 (5th Cir. 1986)) (other citations omitted). The court explained that the FIRREA's scheme of administrative deadlines and remedies allows the FDIC "to perform its statutory function of promptly determining claims so as to quickly and efficiently resolve claims against a failed institution without resorting to litigation." *Id.* at 883 (quoting *Rosa v. RTC*, 938 F.2d 383, 396 (3d Cir. 1991)) (describing this goal as the scheme's "primary purpose"). The Fifth Circuit reaffirmed *Meliezer's* jurisdictional holding in *Carney v. Resolution Trust Corp.*, 19 F.3d 950, 955 (5th Cir. 1994) (per curiam) (collecting additional cases) and *FDIC v. Scott*, 125 F.3d 254, 258–59 (5th Cir. 1997) which held that the district court erred when it concluded that it could excuse the plaintiff's failure to exhaust in compliance with § 1821(d)(13)(D).

The FDIC cites Federal Rule of Civil Procedure 12(b)(6) on the first page of its motion to dismiss but subsequently argues that this Court lacks subject-matter jurisdiction. *Compare* Dkt. No. 6 at 1 *with id.* at 4. Because failing to comply with FIRREA's scheme of administrative remedies creates a jurisdictional bar under *Meliezer*, the Court analyzes the FDIC's motion under Rule 12(b)(1). *See, e.g., Csorba v. Varo, Inc.*, 58 F.3d 636, 1995 WL 371063, at *1 n.2 (5th Cir. 1995) (per curiam, unpublished) (explaining that Rule 12(b)(1) "is the proper basis for dismissing a suit in which the plaintiff's allegations are insufficient to demonstrate federal subject matter jurisdiction because of a failure to exhaust administrative prerequisites to suit").

A Rule 12(b)(1) motion challenges the Court's subject-matter jurisdiction. *See, e.g., In re FEMA Trailer Formaldehyde Prods. Liab. Litig. Miss.*, 668 F.3d 281, 286 (5th Cir. 2012). As a general matter, "the proponents of federal-court jurisdiction must carry the burden of establishing it." *Physician Hosp. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). "Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."

*In re FEMA*, 668 F.3d at 286 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) and *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998)).  The Court may decide a Rule 12(b)(1) motion on "the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts." *Id.* at 287 (citing *Ramming*, 281 F.3d 161).

The Court bases its decision here on the complaint supplemented by the undisputed facts evidenced in the exhibits attached to the FDIC's motion to dismiss. "[A]t the Rule 12(b)(1) stage . . ., the plaintiffs' burden is to allege a plausible set of facts establishing jurisdiction." *Physician Hosp. of Am.*, 691 F.3d at 652 (*citing Davis v. United States*, 597 F.3d 646, 649–50 (5th Cir. 2009)).  Moreover, this Court must "accept as true the allegations and facts set forth in the complaint" when conducting a Rule 12(b)(1) analysis. *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012) (citation omitted).

## Analysis

Based on the unchallenged evidence, the Court finds that Bottis did not file suit within 60 days after the FDIC's notice of claim disallowance as FIRREA required. *See* 12 U.S.C. § 1821(d)(6) (2012). The Fifth Circuit's decision in *Home Capital Collateral, Inc. v. FDIC*, 96 F.3d 760, 763 (5th Cir. 1996) (per curiam) confirms that failing to file suit within the 60-day window after disallowance of a claim under FIRREA, *see* § 1821(d)(6)(A), has jurisdictional consequences.  The Plaintiff in that case filed suit on August 24, 1996, and the Fifth Circuit affirmed the district court's dismissal for want of subject matter jurisdiction. *Home Capital*, 96 F.3d at 762–63.  The Fifth Circuit held that the 60-day period after claim disallowance commenced on January 19, 1995, and ended on March 19, 1995, rendering the plaintiff's lawsuit untimely and divesting the district court of jurisdiction. *Id.* at 763.

In the case at hand, the FDIC's notice of disallowance of Bottis's claim bears the date May 21, 2014. Dkt. No. 6 Ex. 1-A at 1. Federal Rule of Civil Procedure 3 provides that a plaintiff commences a civil action "by filing the complaint with the court." Bottis filed her complaint in the instant action on December 17, 2014, Dkt. No. 1. Consistent with *Home Capital*, the Court determines that Bottis has "no further rights or remedies with respect to [her] claim[s]." 12 U.S.C. § 1821(d)(6)(B) (2012).

## Conclusion

For the foregoing reasons, the Court **GRANTS** the FDIC's motion to dismiss, Dkt. No. 6, and **DISMISSES** this action for lack of subject-matter jurisdiction.

It is so ORDERED.

SIGNED this 30th day of October, 2015.

                                                                    _____
                                                                    Hilda Tagle
                                                                    Senior United States District Judge